# Exhibit A

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 2013-4222-A

REBECCA ROBINSON BROWN, AND MITCHELL BROWN, Plaintiff(s)

v.

BOSTON MARRIOTT LONG WHARF HOTEL ET AL., Defendant(s)

## SUMMONS

To the above-named Defendant: Marriott International, Inc.

You are hereby summoned and required to serve upon Andrew C. Meyer, Jr. Lubin & Meyer, P.C. plaintiff's attorney, whose address is 100 City Hall Plaza, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 3rd day of December, in the year of our Lord two thousand thirteen.

*Michael Joseph Donovan*

12/10/13

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT
                                                CIVIL ACTION No: 2013-4222-A

REBECCA ROBINSON-BROWN, AND
MITCHELL BROWN,

        Plaintiffs,

v.

BOSTON MARRIOTT LONG
WHARF HOTEL, AND
MARRIOTT INTERNATIONAL, INC.

        Defendants.

## COMPLAINT

### PARTIES

1. The plaintiff, Rebecca Robinson-Brown, is an individual residing at 6113 Chinaberry Drive, Columbus, Trulia County, Ohio.

2. The plaintiff, Mitchell Brown, is an individual residing at 6113 Chinaberry Drive, Columbus, Trulia County, Ohio.

3. The defendant, Boston Marriott Long Wharf Hotel, is a hotel and hospitality services provider with a principal place of business at 296 State Street, Boston, Suffolk County, Massachusetts.

4. The defendant, Marriott International, Inc., is a Maryland corporation transacting business within the Commonwealth of Massachusetts with a principal place of business at 10400 Fernwood Road, Bethesda, Montgomery County, Maryland, 20814 and a registered agent at 10 Milk Street, Boston, Suffolk County, Massachusetts.

### FACTS COMMON TO ALL COUNTS

1. On or about December 5, 2010, the plaintiff, Rebecca Robinson-Brown, was a guest staying at the defendant hotel, Boston Marriott Long Wharf Hotel, 296 State Street, Boston, Suffolk County, Massachusetts.

2. On or about December 5, 2010, the plaintiff, Rebecca Robinson-Brown, ordered room service from the Boston Marriott Long Wharf Hotel, including a hamburger and kettle chips.

1

3. On or about December 5, 2010, the plaintiff, Rebecca Robinson-Brown, unknowingly swallowed a toothpick, which was inside the hamburger she consumed from the defendant, Boston Marriott Long Wharf Hotel.

4. On or about December 6, 2010, the plaintiff, Rebecca Robinson-Brown, was admitted to the Massachusetts General Hospital, 55 Fruit Street, Boston, Massachusetts with excruciating abdominal pain, a small bowel perforation, and an abdominal infection.

5. On or about December 6, 2010, the plaintiff, Rebecca Robinson-Brown, underwent exploratory laparoscopic surgery to extract the toothpick from her abdominal cavity and to resect portions of her small bowel.

6. From December 6, 2010 through December 12, 2010, the plaintiff, Rebecca Robinson-Brown, was hospitalized at the Massachusetts General Hospital for treatment of the abdominal infection that developed after the toothpick she had ingested in the hamburger perforated her small bowel.

7. On or about December 12, 2010, the plaintiff, Rebecca Robinson-Brown was discharged from Massachusetts General Hospital.

8. On or about December 15, 2010, the plaintiff, Rebecca Robinson-Brown, was admitted to Ohio Riverside Hospital for increasing abdominal pain, malaise, and medical management of post-operative complications resulting from her bowel perforation and abdominal infection.

9. On or about December 19, 2010, the plaintiff, Rebecca Robinson-Brown, was discharged from Ohio Riverside Hospital.

10. On or about December 26, 2010, the plaintiff, Rebecca Robinson-Brown, was re-admitted to Ohio Riverside Hospital with abdominal pain, fluid collections in her abdomen, and related complications.

11. On or about December 29, 2010, the plaintiff, Rebecca Robinson-Brown, was discharged from Ohio Riverside Hospital.

12. From December 5, 2010 through the present, the plaintiff, Rebecca Robinson-Brown, has suffered and continues to suffer enormous pain and suffering, severe and permanent personal injuries, lengthy rehabilitation, impairment of her ability to perform activities of daily living, scarring, loss of enjoyment of life, and significant economic damages.

### COUNT I: NEGLIGENCE – BOSTON MARRIOTT LONG WHARF

1. The plaintiffs repeat and reaver fully herein the facts contained in the "Parties" and "Facts Common to all Counts" sections of this complaint as if each were set forth in their entirety.

2. On or about December 5, 2010 through December 6, 2010, the defendant, Boston Marriott Long Wharf Hotel, owed a duty to the plaintiff to keep her safe from harm, including but not limited to safely and properly providing accommodations and safe and consumable food free of dangerous foreign objects, such as but not limited to toothpicks and wood products, while the plaintiff was a customer and guest of defendant hotel.

3. On or about December 5, 2010, the defendant, Boston Marriott Long Wharf Hotel, breached its duty to the plaintiff, Rebecca Robinson-Brown.

4. The injuries sustained by Rebecca Robinson-Brown in December 2010 were the direct and proximate result of the negligence of the defendant, Boston Marriott Long Wharf Hotel, including but not limited to as follows:

    a. defendant negligently failed to maintain the plaintiff's safety while on its hotel premises;

    b. defendant negligently failed to provide safe, ingestible, consumable food products for the plaintiff;

    c. defendant negligently served the plaintiff unsafe food containing a dangerous foreign object not fit for human consumption;

    d. defendant negligently induced plaintiff to rely on its food services;

    e. defendant failed to issue sufficient warnings to ensure the safety of the plaintiff while a customer and guest in its hotel and while consuming its food products;

    f. defendant failed to properly train and supervise kitchen staff and food services staff;

    g. defendant failed to properly and sufficiently inspect and ascertain safe quality of room service menu items; and

    h. defendant failed to properly insert toothpick in hamburger in such a manner in which it would be obvious, not hidden, and not dangerous to the plaintiff.

5. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Rebecca Robinson-Brown, was caused to sustain severe and permanent personal injuries; has suffered and will continue to suffer great pain of body and anguish of mind; has been hospitalized and disabled for a substantial periods of time; has been unable to pursue normal activities; has suffered significant economic damages, and her ability to enjoy life has been adversely affected.

WHEREFORE, the plaintiff, Rebecca Robinson-Brown, prays judgment against the defendant, Boston Marriott Long Wharf Hotel, in an amount that is just and appropriate to compensate for her injuries, together with interests and costs.

## COUNT II: NEGLIGENCE – MARRIOTT INTERNATIONAL, INC.

6. The plaintiffs repeat and reaver fully herein the facts contained in the "Parties," "Facts Common to all Counts", and "Count 1" sections of this complaint as if each were set forth in their entirety.

7. On or about December 5, 2010 through December 6, 2010, the defendant, Marriott International, Inc., owed a duty to the plaintiff to keep her safe from harm, including but not limited to safely and properly providing accommodations and safe and consumable food free of dangerous foreign objects, such as but not limited to toothpicks and wood products, while the plaintiff was a customer and guest of defendant hotel.

8. On or about December 5, 2010, the defendant, Marriott International, Inc., breached its duty to the plaintiff, Rebecca Robinson-Brown.

9. The injuries sustained to Rebecca Robinson-Brown in December 2010 were the direct and proximate result of the negligence of the defendant, Marriott International, Inc., including but not limited to as follows:

   a. defendant negligently failed to maintain the plaintiff's safety while on its hotel premises;

   b. defendant negligently failed to provide safe, ingestible, consumable food products for the plaintiff;

   c. defendant negligently served the plaintiff unsafe food containing a dangerous foreign object not fit for human consumption;

   d. defendant negligently induced plaintiff to rely on its food services;

   e. defendant failed to issue sufficient warnings to ensure the safety of the plaintiff while a customer and guest in its hotel and while consuming its food products;

   f. defendant failed to properly train and supervise kitchen staff and food services staff;

   g. defendant failed to properly and sufficiently inspect and ascertain safe quality of room service menu items; and

   h. defendant failed to properly insert toothpick in hamburger in such a manner in which it would be obvious, not hidden, and not dangerous to the plaintiff.

10. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Rebecca Robinson-Brown, was caused to sustain severe and permanent personal injuries; has suffered and will continue to suffer great pain of body and anguish of mind; has been hospitalized and disabled for a substantial periods of time;

has been unable to pursue normal activities; has suffered significant economic damages, and her ability to enjoy life has been adversely affected.

WHEREFORE, the plaintiff, Rebecca Robinson-Brown, prays judgment against the defendant, Marriott International, Inc., in an amount that is just and appropriate to compensate for her injuries, together with interests and costs.

## COUNT III: BREACH OF WARRANTY – BOSTON MARRIOTT LONG WHARF

11. The plaintiffs repeat and reaver fully herein the facts contained in the "Parties," "Facts Common to all Counts", "Count 1", and "Count II" sections of this complaint as if each were set forth in their entirety.

12. The defendant, Boston Marriott Long Wharf Hotel, expressly or impliedly warranted that the said food was safe, merchantable and fit for its intended use and purpose.

13. The defendant breached its warranties because said food was unsafe, not of merchantable quality, and unfit for its intended use and purposes.

14. The defendant, Boston Marriott Long Wharf Hotel, expressly or impliedly warranted that its food was safe and fit for a particular purpose.

15. The defendant breached its warranties because the food was unsafe and not fit for a particular purpose as warranted.

16. The defendant's guests and customers and those who the defendant foresaw or reasonably should have foreseen would ingest said food, such as the plaintiff, relied on the warranties made by the defendant.

17. The serious injuries suffered by the plaintiff, Rebecca Robinson-Brown, were the direct and proximate result of the defendant's breach of warranties as hereinabove set forth.

WHEREFORE, the plaintiff, Rebecca Robinson-Brown, demands judgment against the defendant, Boston Marriott Long Wharf Hotel, for the above-described injuries and damages in an amount to be determined by a jury, together with interest and costs.

## COUNT IV: BREACH OF WARRANTY – MARRIOTT INTERNATIONAL, INC.

18. The plaintiffs repeat and reaver fully herein the facts contained in the "Parties," "Facts Common to all Counts", "Count 1", "Count II" and "Count III" sections of this complaint as if each were set forth in their entirety.

19. The defendant, Marriott International, Inc., expressly or impliedly warranted that its food was safe, merchantable and fit for its intended use and purpose.

5

20. The defendant breached its warranties because said food was unsafe, not of merchantable quality, and unfit for its intended purposes.

21. The defendant, Marriott International, Inc., expressly or impliedly warranted that its food was safe and fit for a particular purpose.

22. The defendant breached its warranties because the food was unsafe and not fit for a particular purpose as warranted.

23. The defendant's guests and customers and those who the defendant foresaw or reasonably should have foreseen would come into contact with the product, such as the plaintiff, relied on the warranties made by the defendant.

24. The serious injuries suffered by the plaintiff, Rebecca Robinson-Brown, were the direct and proximate result of the defendant's breach of warranties as hereinabove set forth.

WHEREFORE, the plaintiff, Rebecca Robinson-Brown, demands judgment against the defendant, Marriott International, Inc., for the above-described injuries and damages in an amount to be determined by a jury, together with interest and costs.

## COUNT V: LOSS OF CONSORTIUM - BOSTON MARRIOTT LONG WHARF

25. The plaintiff, Mitchell Brown, repeats and reavers fully herein the "Parties" and "Facts Common to all Counts" sections and the allegations contained in the aforementioned Counts pleaded by the plaintiff, Rebecca Robinson-Brown, against the defendant, Boston Marriott Long Wharf Hotel, in this complaint as if each were set forth here in its entirety.

26. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Mitchell Brown, has had severely restricted the benefit of the society, companionship, and consortium of his said wife, all to his great damage.

WHEREFORE, the plaintiff, Mitchell Brown, pray judgment against the defendant, Boston Marriott Long Wharf Hotel, in an amount that is just and appropriate to compensate him for his injuries, together with interests and costs.

## COUNT VI: LOSS OF CONSORTIUM - MARRIOTT INTERNATIONAL, INC.

27. The plaintiff, Mitchell Brown, repeats and reavers fully herein the "Parties" and "Facts Common to all Counts" sections and the allegations contained in the aforementioned Counts pleaded by the plaintiff, Rebecca Robinson-Brown, against the defendant, Marriott International, Inc., in this complaint as if each were set forth here in its entirety.

28. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Mitchell Brown, has had severely restricted the benefit of the society, companionship, and consortium of his said wife, all to his great damage.

WHEREFORE, the plaintiff, Mitchell Brown, pray judgment against the defendant, Marriott International, Inc., in an amount that is just and appropriate to compensate him for his injuries, together with interests and costs.

PLAINTIFFS CLAIM TRIAL BY JURY

Respectfully submitted,
The plaintiffs,
By their attorney,

*Andrew C. Meyer Jr.*
Andrew C. Meyer, Jr.
BBO# 344300
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108-2106
(617) 740-4447

7